IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LESHUN SMITH,                )
                             )
            Plaintiff,       )
                             )
      v.                     )   No. 17 C 259
                             )
JEFFRY HUTCHINSON,           )
                             )
            Defendant.       )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Petitioner Leshun Smith's (Smith) *pro se* petition for writ of habeas corpus (Petition) brought pursuant to 28 U.S.C. § 2254 (Section 2254). For the reasons stated below, the Petition is denied.

## BACKGROUND

Smith was convicted by a jury in state court of murder and sentenced to thirty-six years in prison. Smith filed an appeal and the conviction was affirmed. Smith then filed a petition for leave to appeal (PLA) with the Illinois Supreme Court, and the PLA was denied. Smith then filed a post-conviction petition, which was dismissed. Smith appealed that ruling, and the Illinois Appellate Court affirmed the dismissal. Smith then filed another PLA, which was denied on March 30, 2016. On

1

January 12, 2017, Smith filed the instant Petition. Respondent has filed an answer to the Petition.

## LEGAL STANDARD

An individual in custody pursuant to state court judgment may seek a writ of habeas corpus pursuant to Section 2254, which provides the following:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The decision made by a state court is deemed to be contrary to clearly established federal law "'if the state court applies a rule different from the governing law set forth in [Supreme Court] cases, or if it decides a case differently than [the Supreme Court has] done on a set of materially indistinguishable facts.'" *Emerson v. Shaw*, 575 F.3d 680, 684 (7th Cir. 2009)(quoting *Bell v. Cone*, 535 U.S. 685, 694 (2002)). The decision by a state court is deemed to involve an unreasonable application of clearly established federal law "'if the state court correctly identifies the governing legal principle from [Supreme Court] decisions but unreasonably applies it to the facts of the particular case.'" *Emerson*, 575 F.3d at 684 (quoting *Bell*, 535 U.S. at 694).

**DISCUSSION**

This court has liberally construed Smith's *pro se* filings. *See Perruquet v. Briley*, 390 F.3d 505, 512 (7th Cir. 2004)(stating that "[a]s [the plaintiff] was without counsel in the district court, his habeas petition [wa]s entitled to a liberal construction"); *Greer v. Board of Educ. of City of Chicago, Ill.*, 267 F.3d 723, 727 (7th Cir. 2001)(indicating that a court should "liberally construe the pleadings of individuals who proceed *pro se*"). Smith asserts in the Petition: (1) that he received ineffective assistance of counsel at sentencing because his counsel did not call certain character witnesses to testify on behalf of Smith (Claim 1), and that his sentence was disproportionate to other sentences for the same conduct in violation of the Eighth Amendment (Claim 2).

I. Claim 1

Respondent argues that Claim 1 lacks merit. As indicated above, Smith asserts in Claim 1 that he received ineffective assistance of counsel at sentencing because his counsel did not call certain character witnesses to testify on behalf of Smith. The decision of whether or not to call such witnesses was a strategic decision made on the part of Smith's counsel, and Smith has not shown that the decision was outside the boundaries of effective representation. *See Stallings v. United States*, 536 F.3d 624, 627 (7th Cir. 2008)(stating that a court reviewing a Section 2255 motion "shall not second-guess strategic decisions that were arguably appropriate at the time but that hindsight has revealed to be unwise"). The Illinois Appellate Court

3

also already specifically addressed this claim and properly concluded that "decisions about whether to call certain witnesses on a defendant's behalf are matters of trial strategy, reserved to the discretion of trial counsel, which enjoy a strong presumption that they reflect sound trial strategy, rather than incompetence" and that no prejudice was shown as a result of failing to call such witnesses. *People v. Smith*, 2015 IL App (1st) 131093-U. Claim 1 thus lacks any merit.

II. Claim 2

Respondent argues that Claim 2 is procedurally defaulted. As indicated above, Smith asserts in Claim 2 that his sentence was disproportionate to other sentences for the same conduct in violation of the Eighth Amendment. Smith contends that a thirty-six year sentence was not an appropriate sentence for shooting his victim multiple times and murdering his victim. A district court "cannot review a habeas petitioner's constitutional issue unless he has provided the state courts with an opportunity to resolve it 'by invoking one complete round of the state's established appellate review process.'" *Byers v. Basinger*, 610 F.3d 980, 985 (7th Cir. 2010)(quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). If a habeas petitioner failed to "properly assert[] his federal claim at each level of state court review," the petitioner is deemed to have "procedurally defaulted that claim." *Malone v. Walls*, 538 F.3d 744, 753 (7th Cir. 2008)(quoting *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004)); *see also Johnson v. Hulett*, 574 F.3d 428, 431 (7th Cir. 2009)(stating that "[t]o obtain federal habeas review, a state prisoner must first

4

submit his claims through one full round of state-court review," and that "[t]he penalty for failing to fully and fairly present [] arguments to the state court is procedural default"). A petitioner, in exhausting his state court remedies, has "'the duty to fairly present his federal claims to the state courts.'" *Malone*, 538 F.3d at 753 (stating that fair presentment includes "'the petitioner . . . assert[ing] his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings'")(quoting *Lewis*, 390 F.3d at 1025).

The record reflects that Smith never presented Claim 2 through a complete round of the appellate process during either his direct appeal proceedings or during his postconviction proceedings. (Pet. 7-8); (DE 16-3: 4); (DE 16-9: 2-3). Smith acknowledges in the Petition that the claim was "never presented" in the state court proceedings. (Pet. 7-8). Therefore, Claim 2 is procedurally defaulted since Smith failed to raise Claim 2 through one complete round of the state court appellate review process.

Respondent also argues that there are no facts in this case that provide a justification to excuse the default of that portion of Claim 2. A procedurally defaulted claim can still be considered by a district court "if a petitioner can show cause and prejudice or a fundamental miscarriage of justice." *Coleman v. Hardy*, 628 F.3d 314, 318 (7th Cir. 2010); *see also Kaczmarek v. Rednour*, 627 F.3d 586, 591 (7th Cir. 2010)(stating that "[a] federal court on collateral review will not entertain a procedurally defaulted constitutional claim unless the petitioner can establish cause and prejudice for the default or that the failure to consider the claim

would result in a fundamental miscarriage of justice"); *Holmes v. Hardy*, 608 F.3d 963, 968 (7th Cir. 2010)(stating that a "way to avoid procedural default is to show actual innocence, that is, to show that in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt")(internal quotations omitted)(quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *Promotor v. Pollard*, 628 F.3d 878, 887 (7th Cir. 2010)(stating that "default could be excused if [the petitioner] can establish cause and prejudice, or establish that the failure to consider the defaulted claim will result in a fundamental miscarriage of justice"). In the instant action, Smith has not provided facts showing that he was prevented from properly presenting Claim 2 in order to avoid the procedural default. Smith has not shown cause and prejudice. Nor has Smith shown actual innocence or a fundamental miscarriage of justice that would excuse the procedural default. The court also notes that even if Claim 2 were not procedurally defaulted, it lacks any merit and there has been no showing that any counsel representing Smith in the state court proceedings was ineffective for failing to raise such a claim.

VII. Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the court must issue or deny a certificate of appealability "when it enters a final order adverse to the applicant." *Id.* A district court should only issue a certificate of appealability "if the applicant has made a substantial showing of the denial of a constitutional right." 28

U.S.C. § 2253(c)(2). The petitioner must also show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)(quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). In the instant action, Smith has not made a substantial showing of the denial of a constitutional right as to any claims presented in his Petition. Nor has Smith shown that reasonable jurists could debate whether the Petition should have been resolved in a different manner or that the issues presented in the Petition deserve encouragement to proceed further. Therefore, should Smith decide to appeal this court's ruling, this court finds that a certificate of appealability would not be warranted, and is denied.

## CONCLUSION

Based on the foregoing analysis, the Petition is denied.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: June 28, 2017